ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| LRI HOLDINGS, INC.<br><br>Apelada<br><br><br>V.<br><br><br>JD POWER EQUIPMENT, LLC<br><br>Apelante | TA2026AP00422 | Apelación procedente del Tribunal de Primera Instancia, Sala Municipal de Caguas<br><br>Caso Núm.: CG2026CV00704<br><br>Sobre: Cobro de dinero; Regla 60 de Procedimiento Civil |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2026.

Comparece JD Power Equipment, LLC (JD o apelante) y solicita la revisión de una *Sentencia* emitida el 19 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] En dicho dictamen, el foro *a quo* dictó sentencia en rebeldía contra JD y declaró Ha Lugar la *Demanda* de cobro de dinero instada por LRI Holdings, Inc. (LRI o apelada) bajo el procedimiento sumario dispuesto en la Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 60.

Por los fundamentos que se exponen a continuación, se confirma el dictamen apelado.

### I.

Este caso se originó el 25 de febrero de 2026, cuando LRI presentó una *Demanda* de cobro de dinero contra JD, al amparo de la Regla 60 de Procedimiento Civil, *supra*.[2] Alegó que las partes suscribieron un contrato de arrendamiento sobre un inmueble sito en Caguas, Puerto Rico, por un término de cinco (5) años, con un

---

[1] Entrada Núm. 7 del caso CG2026CV00704 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 27 de marzo de 2027.
[2] *Íd.*, Entrada Núm. 1 en SUMAC.

canon mensual de $2,000 durante el primer y segundo año; $2,500 en el tercer y cuarto año y $3,000 durante el quinto año.

Adujo que, el 3 de noviembre de 2025, JD le notificó que desalojaría el inmueble de inmediato, lo que concibió como una violación contractual. Según arguyó, la apelante adeudaba los cánones de septiembre a noviembre de 2025, así como el balance de un plan de pago de abril de 2025, para un total de $9,204.16 por cánones vencidos. Además, sostuvo que JD no entregó las llaves, dejó basura, propiedad personal y aceite, y removió sin permiso la verja de la propiedad, por lo que incurrió en $729.90 por la cerrajería, $500.00 por la limpieza y $4,465.94 por el reemplazo de la verja. Ante ello, reclamó $14,900.00 por los cánones vencidos y gastos, más las costas y los honorarios de abogado, suma que alegó que constituía una deuda vencida, líquida, exigible y no satisfecha.

Posteriormente, el 27 de febrero de 2026, la Secretaría del TPI emitió la *Notificación y Citación sobre Cobro de Dinero* a JD, dirigida a Calle José Burgos 26801, Cayey, PR, 00736, en la que se notificó que el juicio se señaló para el 19 de marzo de 2026 a las 9:00 a.m.[3]

El 19 de marzo de 2026, LRI presentó una *Moción en Cumplimiento de Orden, Notificando Diligenciamiento de Citación y Copia de Demanda.*[4] Informó que, el 27 de febrero de 2026, envió el correo certificado con acuse de recibo de la citación y copia de la *Demanda* a la dirección postal de JD que surgía del Registro de Corporaciones del Departamento de Estado: Calle José Burgos 26801, Cayey, PR, 00736. Añadió que, conforme al Servicio Postal de Estados Unidos (USPS, por sus siglas en inglés), los días 2 y 7 de marzo de 2026, se dejaron avisos en dicha dirección para que se recogiera la correspondencia, la cual USPS no había devuelto.

---

[3] *Íd.*, Entrada Núm. 3 en SUMAC.
[4] *Íd.*, Entrada Núm. 4 en SUMAC.

En igual fecha, el foro *a quo* celebró la vista señalada y, tras evaluar la prueba presentada, emitió una *Sentencia* en rebeldía, mediante la cual declaró Ha Lugar la *Demanda*.[5] Consignó que la apelante debía satisfacer $9,204.16 por concepto de cánones de arrendamiento adeudados desde septiembre hasta noviembre de 2025 y el balance correspondiente al plan de pago del mes de abril de 2025; $729.90 por gastos de cerrajería; $4,465.94 por el reemplazo de la verja removida; $500.00 por la limpieza; para un total de $14,900.00; intereses legales al 8.00% desde la fecha del dictamen; costas y $3,725.00 en honorarios de abogado.

Insatisfecha, el 17 de abril de 2026, JD solicitó reconsideración y peticionó que se dejara sin efecto la *Sentencia* en rebeldía dictada en su contra.[6] Arguyó que la citación se envió por correo postal a una dirección incorrecta, sin diligenciarse personalmente a un oficial, director, gerente, agente residente o persona autorizada, según lo dispuesto en la *Ley General de Corporaciones*, Ley Núm. 164-2009, según enmendada, 14 LPRA sec. 3501 *et seq.* y la Regla 4.4 (e) de Procedimiento Civil, *supra*, R. 4.4 (e), lo que, a su juicio, privó a la corporación de su debido proceso de ley. Planteó que la dirección contenida en el contrato era Carr. 172 Km. 19, Bo. Cañaboncito Caguas, P.R., 00725, mientras que la dirección del agente residente, según el Departamento de Estado, era Bo. Las Vegas, Carr 743 Km 1 Hm 4, Cayey, PR, 00736. Asimismo, manifestó que se concedieron unas sumas que no eran líquidas, vencidas ni exigibles, al no considerar un depósito de $6,000.00 que la apelada recibió.

El 26 de abril de 2026, LRI se opuso a la reconsideración y alegó que era tardía, dado que el término jurisdiccional venció el 14 de abril de 2026.[7] Mediante *Orden* emitida el 20 de abril de 2026 y

---

[5] *Íd.*, Entrada Núm. 7 en SUMAC. Notificada el 27 de marzo de 2026.
[6] *Íd.*, Entrada Núm. 8 en SUMAC.
[7] *Íd.*, Entrada Núm. 9 en SUMAC.

notificada el 27 de abril de 2026, el TPI declaró No Ha Lugar la solicitud de reconsideración de la apelante.[8]

Aún inconforme, el 27 de abril de 2026, JD presentó este recurso y señaló que el foro *a quo* cometió los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ASUMIR [JURISDICCIÓN] A [TRAVÉS] DE UNA [NOTIFICACIÓN-CITACIÓN] DE REGLA 60 DE CORREO CERTIFICADO A UNA CORPORACIÓN DEMANDADA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO REQUERIR EL EMPLAZAMIENTO PERSONAL A LA [CORPORACIÓN] APELANTE, AUNQUE EL PLEITO ES DE COBRO DE DINERO DE REGLA 60 DE PROCEDIMIENTO CIVIL.

En esencia, la apelante sostuvo que el TPI erró al asumir jurisdicción y dictar sentencia en rebeldía, ya que no fue debidamente emplazada. Planteó que, aunque la Regla 60 de Procedimiento Civil, *supra*, R. 60, permitía la notificación-citación por correo certificado, no podía prevalecer sobre el Artículo 12.01 de la *Ley General de Corporaciones, supra*, sec. 3781 ni la Regla 4.4 (e) de Procedimiento Civil, *supra*, R. 4.4 (e), que exigen el emplazamiento personal de una corporación a través de un oficial, director, agente residente u otra persona autorizada por ley. Añadió que, al no poder comparecer por derecho propio, la notificación dirigida a una dirección corporativa, errónea y sin identificar a una persona natural autorizada, no satisfizo el debido proceso de ley. Además, alegó que la deuda no era líquida, vencida ni exigible al no aplicarse un depósito de $6,000.00.

Por su parte, el 20 de mayo de 2026, LRI manifestó que el dictamen apelado se emitió válidamente, dado que la Regla 60 de Procedimiento Civil, *supra*, R. 60, autoriza la notificación-citación por correo certificado, sin requerir el emplazamiento personal ordinario de una corporación. Precisó que la notificación-citación se remitió a la dirección postal que surgía del Registro de Corporaciones, a la cual se notificó la *Sentencia* y que, pese a recibir una notificación efectiva

---

[8] *Íd.*, Entrada Núm. 11 en SUMAC. Notificada el 27 de abril de 2026.

del pleito, JD no compareció a la vista. Además, esgrimió que exigir los formalismos de la *Ley General de Corporaciones, supra*, desnaturalizaría el procedimiento sumario de cobro de dinero.

## II.

### A. Emplazamiento

La Sección 7 del Artículo II de la Constitución de Puerto Rico, así como las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley. Const. P.R. art. II, sec. 7; Const. EE. UU. enms. V y XIV. Dicha garantía exige que la parte demandada sea notificada adecuadamente de la reclamación en su contra y que se le brinde una oportunidad real de ser oída antes de que se adjudiquen sus derechos. *Lucero v. San Juan Star*, 159 DPR 494 (2003); *Álvarez v. Arias*, 156 DPR 352 (2002).

El emplazamiento constituye el mecanismo procesal que materializa dicha garantía constitucional, puesto que permite que el tribunal adquiera jurisdicción sobre la persona del demandado y le notifica la existencia de la acción judicial presentada en su contra, de modo que pueda comparecer, ser oído y presentar prueba en apoyo de su posición. *Íd.*; *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021); *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018); *Cirino González v. Adm. Corrección*, 190 DPR 14 (2014); *Banco Popular v. SLG Negrón*, 164 DPR 855 (2005). Por ello, toda sentencia dictada contra una parte que no ha sido emplazada o notificada conforme a derecho carece de validez, es nula y no puede ser ejecutada. *Lucero v. San Juan Star, supra*; *Álvarez v. Arias, supra*.

En cuanto al diligenciamiento del emplazamiento a una corporación, la Regla 4.4 (e) de Procedimiento Civil, *supra*, R.4.4 (e), dispone que se efectúa "entregando copia del emplazamiento y de la demanda a un o una oficial, gerente administrativo, agente general o

a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos".

Por su parte, el Artículo 12.01 de la *Ley General de Corporaciones*, 14 LPRA sec. 3781, establece lo que sigue:

A. Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

B. Cuando mediante la debida diligencia no pudiere emplazarse una corporación entregando el emplazamiento a cualquier persona autorizada para recibirlo, según lo dispuesto en el inciso (A) de este Artículo, tal emplazamiento, se diligenciará según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado.

### B. Cobro de dinero

La Regla 60 de Procedimiento Civil, *supra*, R. 60, establece un procedimiento sumario para reclamaciones de cobro de dinero cuya cuantía no exceda de $15,000.00, excluidos los intereses. Su finalidad es proveer un mecanismo ágil, sencillo y económico para la adjudicación de reclamaciones líquidas y exigibles de menor cuantía. *Cooperativa v. Hernández Hernández*, 205 DPR 624 (2020); *Asoc. Res. Colinas Metro. v. SLG*, 156 DPR 88 (2002).

Conforme a dicha regla, según enmendada por la Ley Núm. 96-2016, la parte demandante tiene la responsabilidad de diligenciar la notificación-citación, acompañada de copia de la demanda, dentro del término de diez (10) días desde la presentación de la reclamación.

*Cooperativa v. Hernández Hernández, supra.* Ese diligenciamiento puede efectuarse mediante entrega personal conforme a la Regla 4 de Procedimiento Civil, *supra*, R. 4, o por correo certificado. *Íd.* Al respecto, el máximo foro judicial puntualizó que "[no] importa cuál de estas dos opciones prefiera la parte demandante, lo trascendental es que la notificación-citación del promovente sea diligenciada, dentro de los 10 días de presentada la demanda y se acompañe copia de ésta dirigida a la última dirección conocida del deudor contra quien pesa una reclamación líquida y exigible". Es decir, lo esencial es que la notificación-citación sea cursada conforme a derecho y dirigida a la última dirección conocida de la parte deudora contra quien se reclama una deuda vencida, líquida y exigible. *Íd.* Aunque en el contexto del emplazamiento por edicto, la jurisprudencia ha reconocido que la suficiencia de una notificación a la última dirección conocida de la parte demandada no depende del carácter residencial o postal, sino de si esta dirección tenía una posibilidad razonable, dentro de las circunstancias particulares del caso, de informarle de la reclamación instada en su contra. *Rivera Báez v. Jaume Andújar*, 157 DPR 562 (2002); *Rodríguez v. Nasrallah*, 118 DPR 93 (1986).

La notificación-citación bajo este mecanismo cumple una función dual: notifica a la parte demandada de la reclamación presentada en su contra y la cita para la vista. *Íd.* Dada su naturaleza sumaria para facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en las reclamaciones de cuantías pequeñas, las Reglas de Procedimiento Civil, *supra*, aplican de forma supletoria, mientras sean compatibles con dicho trámite. *Íd.*; *RMCA v. Mayol Bianchi*, 208 DPR 100 (2021); J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, JTS, 2011, T. V, pág. 1803. Por ello, ciertos mecanismos del procedimiento ordinario, como la contestación a la demanda, el descubrimiento de prueba, la

reconvención, la demanda contra tercero y el emplazamiento por edicto, resultan incompatibles con esta finalidad. *Íd.*

Ahora bien, la simplificación del procedimiento no releva al tribunal de verificar los requisitos indispensables para dictar sentencia. Si la parte demandada no comparece, el foro primario puede dictar sentencia en rebeldía, luego de cerciorarse de que la parte demandada fue debidamente notificada y citada, y que la prueba presentada demuestra una deuda vencida, líquida y exigible. *Cooperativa v. Hernández Hernández, supra.* Una vez se ello se acredite, el tribunal puede atender las cuestiones litigiosas en la vista y dictar sentencia inmediatamente. *Íd.*; *Asoc. Res. Colinas Metro. v. SLG, supra*; *RMCA v. Mayol Bianchi, supra.*

A diferencia del trámite ordinario, el foro primario no puede descansar únicamente en las alegaciones de la demanda, sino que debe evaluar la prueba presentada para determinar si la reclamación de cobro de dinero es líquida, vencida y exigible. *Íd.* Además, bajo la Regla 60 de Procedimiento Civil, *supra*, R. 60, se expide una notificación-citación, por lo que de expedirse y diligenciarse un emplazamiento, el pleito se convierte automáticamente a ordinario, aun la cuantía no exceda de $15,000.00. Cuevas Segarra, *op. cit.*

Distinto a esa conversión por razón del diligenciamiento de un emplazamiento, la referida regla contempla otras circunstancias en las que el pleito puede convertirse al procedimiento ordinario. Ello puede ocurrir cuando la parte demandada demuestre que tiene una reclamación sustancial; la conversión procede en el interés de la justicia; el tribunal lo ordene *motu proprio,* o la parte demandante desconoce o no provee el nombre y la dirección de la parte deudora, o sea necesario emplazar por edicto. *Cooperativa v. Hernández Hernández, supra*; *RMCA v. Mayol Bianchi, supra.* Empero, la conversión no procede automáticamente, toda vez que corresponde

al tribunal evaluar los méritos de la solicitud conforme a las circunstancias del caso. *Cooperativa v. Hernández Hernández, supra.*

**III.**

En el presente caso, JD planteó que el TPI carecía de jurisdicción sobre su persona, en vista de que la notificación-citación expedida al amparo de la Regla 60 de Procedimiento Civil, *supra*, R. 60, se remitió por correo certificado a una corporación, en lugar de diligenciarse personalmente a un oficial, director, agente residente o persona autorizada, conforme al Artículo 12.01 de la *Ley General de Corporaciones, supra*, sec. 3781 y la Regla 4.4 (e) de Procedimiento Civil, *supra*, R. 4.4 (e). Añadió que, por tal motivo, procedía dejar sin efecto la sentencia en rebeldía. Igualmente, sostuvo que la suma reclamada no era líquida, vencida ni exigible, puesto que el foro primario no consideró un depósito de $6,000.00.

Tras evaluar el expediente sosegadamente, no le asiste la razón a la apelante. La Regla 60 de Procedimiento Civil, *supra*, R. 60, establece un procedimiento especial y sumario para una reclamación de cobro de dinero que no exceda de $15,000.00, excluidos los intereses. Su propósito es proveer un mecanismo ágil, sencillo y económico para atender deudas vencidas, líquidas y exigibles de menor cuantía. Por su naturaleza sumaria, la regla permite que la notificación-citación, acompañada de copia de la demanda, sea diligenciada mediante entrega personal o por correo certificado. De ese modo, el texto reglamentario incorporó un método de notificación compatible con la celeridad del trámite y con la oportunidad de la parte demandada de comparecer a la vista señalada.

El procedimiento sumario de cobro de dinero no resulta incompatible con las garantías del debido proceso de ley, ya que exige que la parte demandada reciba una notificación-citación razonablemente dirigida a informarle la naturaleza de la reclamación y la fecha de la vista en la que podrá comparecer y ser oída. Así, la

notificación por correo certificado no menoscaba la garantía constitucional de notificación adecuada, ya que constituye el mecanismo que la propia regla adopta para satisfacerla dentro de un trámite especial, ágil y de menor formalidad. De hecho, bajo la Regla 60 de Procedimiento Civil, *supra*, R. 60, se expide una notificación-citación, no un emplazamiento, por lo que exigir el trámite ordinario de un emplazamiento como condición para que el TPI adquiera jurisdicción equivaldría a transformar el pleito en un procedimiento ordinario de cobro de dinero, aun cuando la cuantía reclamada no exceda de $15,000. Por tal razón, la validez de dicha notificación no puede evaluarse bajo los mismos parámetros del emplazamiento en un procedimiento ordinario, toda vez que ello frustraría la naturaleza sumaria del mecanismo y dejaría sin efecto práctico la alternativa de diligenciamiento que la regla expresamente permite.

A la luz de lo anterior, no erró el foro primario al reconocer eficacia a la notificación-citación cursada por correo certificado a JD. Del expediente surgió que LRI presentó una reclamación de cobro de dinero por una cuantía dentro del límite del procedimiento sumario; que la Secretaría expidió la notificación-citación, y que la apelada la remitió en igual fecha, junto con copia de la demanda, por correo certificado a la dirección postal de la apelante que surgía del Registro de Corporaciones: Calle José Burgos 26801, Cayey, PR 00736. Dicha diligencia fue acreditada a satisfacción del TPI. Más aún, dicha dirección postal aparecía en el contrato de arrendamiento suscrito entre las partes. Por tanto, al surgir tanto de una fuente gubernamental como del documento rector de la relación contractual, la apelante no demostró que el método utilizado fuese incompatible con la Regla 60 de Procedimiento Civil, *supra*, R. 60, ni que la dirección postal utilizada fuese irrazonable para fines de notificación.

Tampoco procede aceptar que una reclamación sumaria de cobro de dinero contra una corporación exija, como única condición

jurisdiccional, el diligenciamiento personal a un oficial, director o agente residente. Al respecto, la Regla 60 de Procedimiento Civil, *supra*, R. 60, confiere a la parte demandante la facultad de diligenciar la notificación-citación mediante entrega personal o por correo certificado, sin distinguir entre personas naturales y jurídicas. Por ello, exigir el emplazamiento ordinario por el solo hecho de que la parte demandada fuese una corporación desplazaría el diseño sumario de la regla y dejaría sin efecto práctico la alternativa de notificación por correo certificado reconocida.

Lo determinante es si la notificación-citación fue cursada de forma razonablemente calculada para informar a la parte demandada de la acción y brindarle oportunidad de comparecer. Ese análisis no depende mecánicamente del carácter residencial o postal de la dirección utilizada, sino de si ofrecía una posibilidad razonable de notificación, a la luz de las circunstancias particulares del caso. En este caso, el envío se cursó a la dirección postal conocida de JD y el USPS dejó avisos para que la correspondencia fuera recogida. Por tanto, el expediente no revela un defecto jurisdiccional, sino una notificación-citación cursada mediante un mecanismo autorizado.

De igual modo, la sentencia en rebeldía no descansó meramente en las alegaciones de la *Demanda*. Según surge del dictamen, el TPI celebró la vista señalada, recibió prueba y, con base en ella, adjudicó las partidas reclamadas dentro del límite de la Regla 60 de Procedimiento Civil, *supra*, R. 60. La alegación posterior sobre un depósito de $6,000.00 no demostró que la deuda reclamada no era líquida, vencida y exigible, ni para establecer error manifiesto en la apreciación del foro primario.

En suma, el expediente reveló que LRI utilizó un mecanismo de notificación-citación permitido por la Regla 60 de Procedimiento Civil, *supra*, R. 60, dirigido a una dirección postal conocida y pactada contractualmente, y que el TPI adjudicó la reclamación luego de

recibir prueba sobre una deuda identificada, vencida y exigible. Bajo esas circunstancias, no se configuró una violación al debido proceso de ley ni un defecto jurisdiccional que torne nula la *Sentencia.* En consecuencia, procede confirmar el dictamen apelado.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones